David C. Larkin  #006644
DAVID C. LARKIN, P.C.
4645 South Lakeshore Drive, Suite 6
Tempe, Arizona  85282
Telephone (480) 491-2900
Fax (480) 755-4825
Attorney for Defendant Respondents
Erik Zeiner, Andrea McCoy, Kenneth McCoy,
Nichole Malero, and Marco Arce

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas & Kristina Petersen; and Securityminded Technologies, LLC,<br><br>Plaintiffs/Claimants,<br><br>vs.<br><br>EMC Telecom Corporation, now known as EMCT Acquisition, Inc., Erik Zeiner, Andrea McCoy, Kenneth McCoy, Nichole Malero, and Marco Arce,<br><br>Defendants/Respondents. | No. **2:09-cv-02552-GMS**<br><br>**DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |

Defendants/Respondents Erik Zeiner, Andrea McCoy, Kenneth McCoy, Nichole Malero, and Marco Arce hereby move the Court for a protective order pursuant to FRCP 26(c)(1), and (c)(1)(B), that moving defendants not be required to respond to interrogatories and requests for production served by plaintiffs/claimants by mail on March 30, 2010, such that responses would be due to be served on Monday, May 3, 2010.  This motion is made on the grounds that a Motion to Dismiss/Motion for Judgment on the Pleadings (the "Motion to Dismiss") is currently pending before the Court which may be dispositive of the petition to compel arbitration, such that discovery would be unnecessary.  Defendants further request that the Court order the parties to consult regarding a protective order such that defendants confidential and proprietary information may be protected, and that defendants may have not less than 30 days to respond after the Court rules on the Motion to Dismss, if the Court denies the motion.  As set forth in the Exhibit 1 Declaration of Erik Zeiner, plaintiffs have

1  engaged in a pattern of harassment of defendant Erik Zeiner and defendant EMCT
2  Acquisition, Inc., such that defendants believe that plaintiffs' unwillingness to stipulate to
3  postponement of discovery responses prior to the Court's ruling on the Motion to Dismiss
4  is malicious.  Plaintiffs were copied on plaintiffs' counsel's emails refusing to stipulate to
5  postponement, so they were involved in the decision to refuse.
6      This motion is supported by the following Memorandum of Points and Authorities,
7  Rule 26(c)(1) and Loc. R. 7.2(j) certificate of moving counsel, and the attached declaration
8  of Erik Zeiner and Exhibits.

## MEMORANDUM OF POINTS AND AUTHORITIES

10     Defendants are moving the Court for a protective order pursuant to FRCP 26(c)(1)
11 which provides that the Court ". . . may, for good cause, issue an order to protect a party or
12 person from annoyance, . . ., oppression, or undue burden or expense, including . . . (A)
13 forbidding the disclosure or discovery; (B) specifying terms, including time and place, for
14 the disclosure or discovery. . . ."
15     Here, defendants have previously filed the Motion to Dismiss which is pending.
16 Defendants are non-signatories to a Asset Purchase Agreement ("APA") attached to the
17 Petition to Compel entered into between plaintiff Securityminded Technologies, LLC,
18 ("SMT") and EMC Telecom Corporation, now known as EMCT Acquisition, Inc.
19 ("EMCT"). Plaintiffs, including SMT, filed this action to compel arbitration, as provided in
20 the APA. EMCT has not responded to the petition to compel arbitration and plaintiffs have
21 moved for a default.  Individual non-signatory defendants argue, inter alia, that the APA
22 itself provides that its terms, including arbitration, do not obligate third parties, such that
23 these individual non-signatory defendants cannot be compelled to arbitrate by the terms of
24 the agreement itself.
25     As set forth in the Motion to Dismiss, pp. 3-4, the APA expressly provides that no
26 one, other than the parties, is intended to be obligated or liable "under or by reason of this
27 Agreement."   APA Section 36.1 provides in pertinent part:
28

> ". . . Nothing in this Agreement, expressed or implied, is intended to confer on any Person other than the parties hereto or their respective permitted successors and assigns, any rights, remedies, obligations or liabilities under or by reason of this Agreement."

[Petition, Exhibit 1, p. 22]. Thus, the Plaintiffs expressly agreed that no person other than the parties to the APA would be subject to any obligation under or by reason of the APA, including therefore, any obligation to arbitrate. Plaintiffs are therefore estopped from asserting the arbitration provision against the Defendant Non-Signatories who are not parties to the APA.

If the Court agrees with defendants' argument, plaintiffs' petition to compel arbitration would be dismissed against these defendants and no discovery is necessary. Accordingly, it is appropriate that defendants not be required to undergo the annoyance and attorneys' fees and costs to provide responses to unnecessary discovery requests. Plaintiffs have served an identical set of Interrogatories (16 interrogatories not including subparagraphs) and Request for Production of Documents (26 categories of documents) on each of the five non-signatory defendants, Exhibits 3 and 4 attached are the sets served on defendant Erik Zeiner.

As set forth in the Exhibit 1 Declaration of Erik Zeiner, plaintiffs are on a fishing trip to try to make a case for piercing the corporate veil. Among other things, plaintiffs have requested copies of all EMCT corporate minutes. Mr. Zeiner estimates that there are close to 5,000 pages of corporate minutes and attachments to the minutes which could be produced in response and which contain attorney-client communications. [Exhibit 1 Declaration of Erik Zeiner, ¶ 9]

Accordingly, defendants' counsel would need to review these minutes for privileged communications and other privileged or protected information prior to production. This will require significant time and legal expense on this one portion of the production alone. If the Court were to grant the Motion to Dismiss this expense would have been unnecessary. This is good cause for the Court to grant this motion for a protective order and order that defendants are not required to respond to the plaintiffs' discovery requests until and only if

defendants Motion to Dismiss is denied, and grant defendants not less than 30 days to negotiate a stipulated protective order regarding confidentiality and provide responses to the discovery requests.

Plaintiff's counsel was unwilling to stipulate, even though the Motion to Dismiss is on the pleadings alone, and no evidentiary hearing is set or would be appropriately set for disposition of the Motion. The parties have requested oral argument, but that is not an evidentiary hearing. If the Court denies the Motion, a time for disclosure and discovery would be set at a Rule 16 Scheduling Conference and a trial date set.

Moreover, plaintiff will need time to arrange an appropriate stipulated protective order with defendants if the Motion to Dismiss is denied because the documents to be produced contain personal identification material and confidential and proprietary information.

Defendants believe that the refusal of plaintiffs to stipulate to this postponement of discovery is malicious, intended to cause unnecessary expense. As set forth in the attached Exhibit 1 Declaration of Erik Zeiner, and the attached Exhibit 2 Emails from Jeff Peterson, Jeff Peterson, an owner/member of plaintiff SecurityMinded Technologies, LLC, has engaged in a course of conduct harassing defendant Erik Zeiner, a shareholder and officer (Secretary and General Manager) of EMCT. Mr. Zeiner states in his declaration, paragraphs 3 through :

> 3. Even though our asset purchase fell through due to the inability to finance due to the financial crisis in the recession and not due to anything EMCT did, and even though we offered to return the assets, website-hosting customers, which plaintiffs refused, plaintiff Thomas Petersen's brother, and co-owner of petitioner SecurityMinded Technologies, LLC has engaged in a continuing course of harassment of me and EMCT.
>
> 4. Jeff Petersen is an owner of petitioner Securityminded Technologies, LLC ("SMT") and the brother of petitioner Thomas Petersen. Jeff Petersen personally contacted me, via Skype, an instant messaging system, in January 2009, prior to any completion of migration of SMT customers pursuant to the Acquisition Purchase Agreement ("APA") between SMT and EMCT. Jeff Petersen threatened my well-being, and stated that since he didn't sign the sale contract, he was not obligated to provide any assistance to EMCT, nor did it say he couldn't contact me anytime he

wanted to, to purposely bother me. Jeff Petersen used profanity and threatened my physical well-being many times during that Skype conversation that I had logged and saved on my computer for future reference.

5. At this time, Jeff Petersen began contacting customers that EMCT purchased from SMT, and informed them of the sale, even though the contract specifically prohibited any notice be sent out without EMCT approval. Jeff Petersen also stated he was not subject to the non-disclosure agreement within the sale contract because he did not sign it. Jeff Petersen defamed me personally to customers directly, which caused loss of customers to EMCT. Jeff Petersen also added many derogatory and defamatory blog postings online about EMCT and me personally. Jeff Petersen even set up a personal Twitter account that has continuously defamed me personally now for the past several months. He uses the Twitter username "myriadnetwork," to post defaming statements about me personally. Jeff Petersen recently began contacting another individual that has my name, Erik Zeiner, on Twitter, and proceeded to threaten him with physical violence, via Twitter Postings, which we will provide once the FCC pulls the logs. Jeff Petersen also used comments such as, "I'm going to show up in your back yard and kick your ass." Jeff also started contacting the other Erik Zeiner's Twitter friends and began defaming him personally to those friends, while the entire time, thinking it was me. The other Erik Zeiner repeatedly told Jeff Petersen that he was mistaken, however, Jeff continued to call him names and used profanity, thinking that Erik Zeiner was lying. After finally realizing that he had contacted the wrong Erik Zeiner, he deleted his Twitter posts, and subsequently made his own Twitter Account private, thinking this would avoid the ability for us to get those posts from his account. However, now that we have filed a complaint with the FCC, we should receive those logs very soon to file a criminal complaint against Jeff for his hostile actions.

6. From my dealings with Jeff Petersen, I conclude that he is highly unstable, which led to most of the problems with the SMT migration. When someone is highly threatening and unstable, nothing gets accomplished.

7. On April 22, 2010, Jeff Petersen submitted 475 consecutive emails support tickets to supportcenter.tv who forwarded them to me. This email spam blast was received and read by third parties. The emails were profanity-filled threats to me personally from his IP address. As one example out of 475 emails, here is an email from Jeff Petersen using the pseudonym "FuckYou" citing an past email I sent him asking him to stop harassing and threatening me and EMCT:

-5-

> **SupportCenter.tv**
>
> XQH-160598: FuckYou
>
> 22 Apr 2010 08:17 PM
>
> **Fu c kYou Fu c kYou**
>
> (User )
>
> Come on, motherfucker . You think just because you don't hear from me that I'm not around? Look at this: http://twitter.com/myriadnetwork
> Come sue me you fucking punks. Spend some of that money you stole from
> me and my family on a real lawsuit. Tell you what, take this, along with my
> I P address, and send it to my ISP as a complaint. Because that's all you can
> do is complain like a bitch, and threaten lawsuits like a bitch.
> Remember this, bitch?
>
> Jeff,
> So far, since I have walked into work, I have received threats from you in
> multiple forms, in writing. If you wish to continue down this harassment and
> defamatory direction, it will severely complicate things.
> If you keep things professional and not harassing or threatening, there will
> not be legal remedies u t i l i zed.
> This is a business matter and not a personal vendetta and do not want to
> see anymore threats from you or hear about any threats or defamation you have
> made to any third parties. If you chose to defame EMCT to any third parties
> and continue to harass me personally, it could also jeopardize the business
> matter we have here.
> There are ways to deal with things and making personal threats against
> EMCT and harassing me intentionally is grounds for legal action. . . both criminal
> and civil.
> Please refrain from taking such actions and let's find better ways to
> resolve things.  Now I just got into the office and will be addressing things as I said I would.
> Sincerely,
> ======================================
> Erik Zeiner EVP Operations/GM
> ======================================
> [redacted]
> ======================================
> SUE ME cock sucker. You'll be glad you did. Bring it the fuck on, because I'm
> ready.
> SupportCenter.tv https://helpdesk.supportcenter.tv/staff/index.php
> 1 of 557 4/27/2010 11:31 AM
> Name: FuckYou FuckYou
> Company : FuckYou
> Phone: FuckYou
> Platform: Linux
> Account ID: FuckYo u
> Username: FuckYou
> Pass : FuckYou
> Posted on: 22 Apr 2010 08:17 PM

8.   In September 2009, I filed a complaint with the FBI against Jeff Peterson,  IC3 Complaint: I0909171216569301.

1  Because of this pattern of malicious harassment, defendants believe that the plaintiffs have instructed their counsel to refuse to cooperate with defendants and stipulate to a postponement.

For all of the foregoing reasons, the Court should grant defendants' motion for a protective order and order that defendants shall have not less than 30 days from the date of the order, if any, denying defendants' Motion to Dismiss, to negotiate a stipulation for protective order and provide responses to the plaintiffs' discovery requests.

Respectfully submitted this 30th day of April, 2010.

DAVID C. LARKIN, P.C.

By: s/ David C. Larkin
David C. Larkin
Attorney for Defendants/Respondents

**FRCP 26(c)(1) and Loc. R. 7.2(j) Certificate of Moving Counsel**

I, David C. Larkin, counsel for moving parties, hereby certify that after personal consultation and sincere efforts to do so, counsel has been unable to resolve the matter.

Dated this 30th day of April, 2010

s/ David C. Larkin

Electronic notice and service of documents provided by transmittal to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Michael R. Palumbo, Esq.
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
The Collier Center, 11 Floor
201 East Washington Street
Phoenix, Arizona 85004-2385
Attorneys for Plaintiffs/Claimants

s/ David C. Larkin