Michael R. Palumbo - 006938
mpalumbo@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
The Collier Center, 11th Floor
201 East Washington Street
Phoenix, Arizona  85004-2385
Telephone: (602) 262-5911
MinuteEntries@jsslaw.com

Attorneys for Plaintiffs/Claimants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas & Kristina Petersen; and Securityminded Technologies, LLC,<br><br>　　　　　Plaintiffs/Claimants,<br><br>v.<br><br>EMC Telecom Corporation, now known as EMCT Acquisition, Inc., Erik Zeiner, Andrea McCoy, Kenneth McCoy, Nichole Malero, and Marco Arce,<br><br>　　　　　Defendants/Respondents. | No. CV 09-02552-PHX-GMS<br><br>**PETERSEN AND SECURITYMINDED TECHNOLOGIES, LLC'S RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |

Plaintiffs/Claimants, Petersen and Securityminded Technologies, LLC ("Petersen"), hereby respond in opposition to Defendants' Motion for Protective Order and urge the Court to deny the Motion, instead ordering them to respond to the discovery immediately on the grounds and for the reasons that a contrary ruling will severely prejudice Petersen's efforts to deal with the pending Motion to Dismiss.

The Court has discretion to order a stay of discovery pending the resolution of dispositive motions. *Wright & Miller*, Federal Practice and Procedure, Civil, § 2040. However, the general policy is not to stay discovery even though dispositive motions are pending. *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990), citing cases. A court abuses its discretion when it stays discovery, generally, and prevents a party from having

3555780v1(61085.1)

a sufficient opportunity to develop a factual base for defending against a dispositive motion. *Id.* at 298.  This is precisely the situation before the Court.

The Motion for Protective Order at issue puts Petersen between a rock and a hard place.  Defendants have a pending Motion to Dismiss. (Doc. 30)  Essentially, the Motion to Dismiss (Argument II, pp. 3-7) contends that Petersen have not met their burden in alleging sufficient facts to support their alter ego/veil piercing theories.  (Motion to Dismiss, 3:24-4:2: "…plaintiffs must provide sufficient facts to prove those allegations to pierce the corporate veil…Moreover, on this record, these allegations have been made in pure speculation and, therefore, in bad faith.")  Notwithstanding that position, Defendants contend in the Motion for Protective Order that Petersen should not be allowed the discovery that was intended to address the very issue raised in the Motion to Dismiss because that Motion is pending.  Somehow, Defendants think that because there will not be an evidentiary hearing on the Motion to Dismiss, but only an oral argument, discovery is not needed.  (Motion for Protective Order, 4:4-8)  The baselessness of that position is obvious.  Petersen should have the right to a full record in order to defend the Motion to Dismiss.  Thus, the Motion for Protective Order should be denied.

Defendants have requested 30 days after the ruling on the Motion to Dismiss to respond to the discovery and negotiate a stipulated confidentiality order.  (Motion for Protective Order, 7:4-7)  They also suggest that, if the Court denies the Motions, the Court set a Rule 16 scheduling conference to set a time for discovery and disclosure.  (*Id.*, 4:7-8)  Petersen is willing to enter into any reasonable confidentiality order; however, for the reasons set forth above, the Court should order Defendants to produce the discovery responses immediately, so that Petersen has access to the information to prepare for oral argument on the Motion to Dismiss.

Finally, Petersen requests that the Court ignore those portions of the Motion for Protective Order that relate to Jeff Petersen, including Exhibit 2 and Mr. Zeiner's declaration, on the grounds and for the reasons that Jeff Petersen is not a party to this case and has never held any leadership position with Securityminded Technologies; therefore,

2

3555780v1(61085.1)

anything related to Jeff Petersen is irrelevant.  (*See* Affidavit of Tom Petersen attached hereto as Exhibit 1)  Moreover, the references to Jeff Petersen and the appended exhibit are offensive and scurrilous and the prejudice clearly outweighs any probative value.

In conclusion, the Motion for Protective Order should be denied and Defendants should be ordered to provide responses to the pending discovery in sufficient time for Petersen to review them prior to any scheduled oral argument.

DATED this 10th day of May, 2010.

JENNINGS, STROUSS & SALMON, P.L.C.


By s/Michael R. Palumbo
   Michael R. Palumbo
   The Collier Center, 11th Floor
   201 East Washington Street
   Phoenix, Arizona  85004-2385
   *Attorneys for Plaintiffs/Claimants*

# CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2010,

I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

David C. Larkin – david@davidlarkinlaw.com

I served the attached document by U.S. Mail on the following, who is not registered participants in the CM/ECF System:

EMC Telecom Corporation now known
as EMCT Acquisition, Inc.
4904 South Power Road, Suite 103
Mesa, AZ  85212
*Defendant/Respondent*

                                        s/Estela G. Blackmountain

3555780v1(61085.1)